**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000953
19-APR-2024
08:03 AM
Dkt. 73 SO**

NO. CAAP-18-0000953


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


JOY WINDHAM, Plaintiff-Appellant, v. STATE OF HAWAIʻI;
TOMMY JOHNSON, in his official capacity as Director,
State of Hawaiʻi, Department of Corrections and Rehabilitation;[1]
JOHN AND JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; and OTHER DOE ENTITIES 1-10,
Defendants-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC15-1-001161)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

Plaintiff-Appellant Joy Windham (**Windham**) appeals from

the Circuit Court of the First Circuit's[2] November 16, 2018 Final

Judgment Granting Defendants-Appellees State of Hawaiʻi (**State**)

and Nolan Espinda (**Espinda**) in His Official Capacity as Director

of the Department of Public Safety's motion for summary judgment

---

[1] Pursuant to Hawaiʻi Rules of Evidence Rule 201 and Hawaiʻi Rules of Appellate Procedure Rule 43(c)(1), we take judicial notice that Tommy Johnson is the current Director of the Department of Corrections and Rehabilitation, formerly known as the Department of Public Safety, in place of Nolan Espinda.

[2] The Honorable Bert I. Ayabe presided.

on claims of violations of the Hawaiʻi Whistleblower Protection Act codified in Hawaiʻi Revised Statutes (**HRS**) § 378-62 (2015).

On appeal, Windham contends the circuit court "abused its discretion in granting summary judgment" as "[t]here were issues of fact remaining."[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below.

We review the circuit court's grant of summary judgment de novo. Dairy Rd. Partners v. Island Ins. Co., Ltd., 92 Hawaiʻi 398, 411, 992 P.2d 93, 106 (2000).

HRS § 378-62 protects employees who report suspected violations of the law:

> **§378-62 Discharge of, threats to, or discrimination against employee for reporting violations of the law.**
>
> An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because:

---

[3] Windham also challenges numerous findings and conclusions made by the circuit court. However, we need not address these challenges because "a trial court deciding a motion for summary judgment doesn't make findings on disputed material facts." See Drummond v. Cho, 153 Hawaiʻi 143, 527 P.3d 479, CAAP-19-0000094, 2023 WL 3017219, *1 n.4 (App. April 20, 2023) (SDO); Alexander & Baldwin, Inc. v. Silva, 124 Hawaiʻi 476, 480-81, 248 P.3d 1207, 1211-12 (App. 2011).

> (1)  The employee, or a person acting on behalf of the employee, reports or is about to report to the employer, or reports or is about to report to a public body, verbally or in writing, a violation or a suspected violation of:
>
> (A)  A law, rule, ordinance, or regulation, adopted pursuant to law of this State, a political subdivision of this State, or the United States; or
>
> (B)  A contract executed by the State, a political subdivision of the State, or the United States, unless the employee knows that the report is false; or
>
> (2)  An employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body, or a court action.

(Formatting altered.)

As we have stated in prior cases, an employee making an HRS § 378-62 claim must prove:

> (1) [she] engaged in protected conduct under [HRS § 378-62], (2) the employer took an adverse employment action against the employee, and (3) a causal connection exists between the employee's protected conduct and the employer's adverse action (i.e., the employer's action was taken because the employee engaged in the protected conduct; the employee has the burden of showing that the protected conduct was a "substantial or motivating factor" in the employer's decision to take the employment action).

Fukumoto v. State, 150 Hawaiʻi 467, 504 P.3d 1055, CAAP-16-0000785, 2022 WL 591775, at *2 (App. Feb. 28, 2022) (mem. op.); see Crosby v. State Dep't of Budget & Fin., 76 Hawaiʻi 332, 341-42, 876 P.2d 1300, 1309-10 (1994).

The State, as the movant, bore the initial burden of establishing entitlement to summary judgment. See Ralston v. Yim, 129 Hawaiʻi 46, 59-61, 292 P.3d 1276, 1289-91 (2013). A defendant moving for summary judgment "may satisfy his or her initial burden of production by either (1) presenting evidence

3

negating an element of the non-movant's claim, or (2) demonstrating that the nonmovant will be unable to carry his or her burden of proof at trial."  Id. at 60, 292 P.3d at 1290. In other words, the movant's "burden may be discharged by demonstrating that if the case went to trial, there would be no competent evidence to support a judgment for his or her opponent."  Kondaur Cap. Corp. v. Matsuyoshi, 136 Hawaiʻi 227, 240, 361 P.3d 454, 467 (2015) (cleaned up).

In its motion for summary judgment, the State acknowledged that some of Windham's actions constituted protected conduct.  But the State argued that Windham could not meet her burden of showing she suffered adverse employment action or establish causal connection between her protected conduct and the alleged retaliation.  Finally, the State argued that even if Windham was able to meet her burden, the State's actions were based on legitimate, nondiscriminatory reasons.

To support these arguments, the State attached declarations from Espinda, Jodie Maesaka-Hirata, Alan Asato (**Asato**), and Colleen Miyasato.  The State also attached other documents including transcripts of Windham's deposition, the position description for the Corrections Program Specialist II position, a December 11, 2014 email from Windham with the

heading "CONFIDENTIAL for FEAR of RETALIATION", and information regarding office space standards.

Even if we were to assume the State met its burden, Windham responded by "setting forth specific facts showing that there is a genuine issue for trial." Kondaur, 136 Hawaiʻi at 240-41, 361 P.3d at 467-68 (cleaned up).

In response to the State's argument that she could not show adverse employment action, Windham claimed among other things that she was moved from an office to a storage closet, singled out to follow a list of workplace behaviors, and was stripped of duties. Examined in light most favorable to Windham, these actions could be construed as "adverse employment action[s]." See Fukumoto, 2022 WL 591775, at *9 ("[A]n action is cognizable as an adverse employment action if it is reasonably likely to deter employees from engaging in protected activity.") (quoting Black v. Correa, Civil No. 07-00299 DAE-LEK, 2008 WL 3845230 at *11 (D. Haw. Aug. 18, 2008)).

In response to the State's argument that she could not show causation, Windham notes that on June 15, 2015, she filed her complaint in circuit court and on July 28, 2015, she reported to Asato "problems with the 'new' timesheet . . . , employees not working 8 hours, but getting paid, Ms. [G] frequently surfing the internet, extended 2-3 hour lunch breaks,

the 'Lunch Bunch' that Deputy Director Asato belonged to." Then, on August 12, 2015, Asato presented Windham with a list of behavior issues she must address. Examined again in the light most favorable to Windham, the temporal proximity of these events raises a question of fact as to causation. See Dobbs v. Cnty. of Maui, 144 Hawai'i 61, 434 P.3d 1256, CAAP-16-0000577, 2019 WL 762407, at *4 (App. Feb. 20, 2019) (SDO) (noting a "circumstantial case" can be established by demonstrating temporal proximity between an adverse employment action and protected conduct known to employer).

The State points out that an employee's prima facie case may be overcome by articulating a "legitimate, nondiscriminatory reason for the adverse employment action." Shoppe v. Gucci Am., Inc., 94 Hawai'i 368, 378, 14 P.3d 1049, 1059 (2000). The State offered several ostensibly legitimate reasons for their actions. For example, Asato explained that the August 12, 2015 meeting was to encourage Windham "to stay focused on her job duties/responsibilities, and not to worry about the duties/responsibilities of her co-workers." Similarly, the State used its internal space standards to justify relocating Windham's workspace.

However, under the McDonnell Douglas framework, an employee may rebut the employer's nondiscriminatory reasons as pretext. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804-05 (1973); Adams v. CDM Media USA, Inc., 135 Hawaiʻi 1, 14, 346 P.3d 70, 83 (2015). Here, the temporal proximity of the State's actions constitutes a genuine issue as to whether the State's provided reasons were a pretext to punish Windham. See Fukumoto, 2022 WL 591775, at *11 ("In some cases, temporal proximity can by itself constitute sufficient circumstantial evidence of retaliation for purposes of both the prima facie case and the showing of pretext.") (citation omitted). In other words, based on the record before this court, the State failed to show that Windham would be unable to demonstrate the State's reasons for its actions were pretextual. See id. at *12 ("[V]iewing the evidence in the light most favorable to Fukumoto, the State did not negate that Fukumoto could show pretext nor did it demonstrate that Fukumoto would be unable to carry her burden at trial of showing that the State's proffered reasons were pretextual.").

Based on the foregoing, the circuit court erred in granting summary judgment. Thus, we vacate the circuit court's November 16, 2018 Final Judgment, and remand this case for

7

further proceedings consistent with the summary disposition
order.

DATED:  Honolulu, Hawaiʻi, April 19, 2024.

On the briefs:                          /s/ Katherine G. Leonard
                                        Acting Chief Judge
Shawn A. Luiz,
for Plaintiff-Appellant.                /s/ Karen T. Nakasone
                                        Associate Judge
James E. Halvorson,
Claire W.S. Chinn,                      /s/ Sonja M.P. McCullen
Deputy Attorneys General,               Associate Judge
for Defendants-Appellees.